IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00246-MR

MARTIN RAY ROBINSON, et al.,   )
                               )
            Plaintiffs,        )
                               )
vs.                            )
                               )
MCDOWELL COUNTY DETENTION      )
CENTER,                        )         **ORDER**
                               )
            Defendant.         )
_____)

**THIS MATTER** is before the Court on periodic review of the record and on *pro se* Letters filed by Plaintiffs James Julius Lumpkin [Doc. 59] and Antonio M. Ager [Doc. 60].

The *pro se* Plaintiffs filed this action pursuant to 42 U.S.C. § 1983 while they were incarcerated at the McDowell County Detention Center. [Doc. 1].

On October 13, 2021, the Court issued a Notice of Deficiency was issued, requiring Plaintiffs Julius Lumpkin, David Kenneth Fowler, Ricky K. Capps, Joey O'Buckley, Alvin Lee Sisk, Brian Guzman, Jonathan L. Carver, William Eric Avery, Antonio M. Ager, Randy Louis Scott, Michael Kreidel, Jason McKinney, Timothy Thorne, Billy Vitatoe, Douglas Melton, Ruben Guzman, Marvin Randall Hensley, Melvin Wilson, Jonathan Schabilion,

James Clark, John R. Gray, Malik Wiley, Roger Ward, Christopher A. McMahan, Andy Gibson, Dennis Bradley, Cody Buchanan, Anthony Riddle, and Jamie Wyatt to pay their respective filing fees or move to proceed *in forma pauperis* within 21 days. [Doc. 6]. These Plaintiffs were informed that the failure to do so may result in the dismissal of this action without prejudice for failure to prosecute. [Id.].

On October 21, 2021, mail from the Court to Plaintiffs Fowler, Capps, Sisk, B. Guzman, Melton, Wilson, Clark, Wiley, Gibson, Buchanan, and Wyatt was returned as undeliverable. [Doc. 39]. On October 27, 2021, the Court ordered those Plaintiffs, within 10 days, to update their addresses of record and inform the Court whether they intend to proceed with this action. [Doc. 44]. These Plaintiffs were informed that the failure to comply would result in this case's dismissal and closure as to them without further notice. [Id.].

Plaintiffs Capps, O'Buckley, Sisk, B. Guzman, Scott, Kreidel, McKinney, Thorne, Vitatoe, Melton, Hensley, Wilson, Schabilion, Clark, Wiley, Ward, Gibson, Bradley, Buchanan, Riddle, and Wyatt have failed to comply with one or both of the above-mentioned Orders, and the time to do so has expired. Therefore, this action is dismissed as to them without prejudice for lack of prosecution.

2

Also pending are Letters [Docs. 59, 60] filed by Plaintiffs Lumpkin and Ager that are construed as Notices of Voluntary Dismissal, and Motions to Vacate the Orders Waiving Initial Partial Filing Fee and Directing the Correctional Facility to Transmit Partial Payments.

It appears that Plaintiffs Lumpkin and Ager seek to voluntarily dismiss this action pursuant to Rule 41 of the Federal Rules of Civil Procedure. Under Rule 41(a)(1)(i), a plaintiff may voluntarily dismiss an action without a court order by filing a notice of dismissal any time before the adverse party serves him with an answer or a motion for summary judgment, whichever occurs first. See Fed. R. Civ. P. 41(a)(1)(i). The dismissal is without prejudice unless the notice of dismissal states otherwise. Fed. R. Civ. P. 41(a)(1)(B). "A voluntary dismissal under Rule 41(a)(1)(i) 'is available as a matter of unconditional right and is self-executing, *i.e.*, it is effective at the moment the notice is filed with the clerk and no judicial approval is required.'" In re Matthews, 395 F.3d 477, 480 (4th Cir. 2005) (quoting Marex Titanic, Inc. v. The Wrecked & Abandoned Vessel, 2 F.3d 544, 546 (4th Cir. 1993) (citations omitted)). Plaintiffs Lumpkin and Ager are notified that the Court will dismiss this action without prejudice and close it without further notice as to them, pursuant to Rule 41, unless they file written objections within fourteen (14) days of this Order.

Plaintiffs Lumpkin and Ager further ask the Court to direct the Detention Center not to withdraw the filing fee from their trust accounts because they did not authorize the Detention Center to make withdrawals from their inmate accounts, and because they are dismissing this action. Plaintiff Ager also asks the Court to refund the portion of the filing fee that has already been withdrawn from his account.

The Prison Litigation Reform Act ("PLRA") provides that, "if a prisoner brings a civil action … *in forma pauperis*, the prisoner shall be required to pay the full amount of the filing fee…." 28 U.S.C. § 1915(b)(1). Thus, the PLRA "makes prisoners responsible for their filing fees the moment the civil action or appeal is filed, … [and] by filing the complaint or notice of appeal, the prisoner waives any objection to the fee assessment by the district court." McGore v. Wrigglesworth, 114 F.3d 601, 605 (6th Cir. 1997) (citation omitted), *overruled on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see Hall v. Puett, No. 1:18-cv-00044-MR, 2020 WL 8687418, at *1 (W.D.N.C. Sept. 2, 2020) (discussing PLRA and explaining that "Plaintiff is required to pay the full filing fee in installments regardless of his indigency, and therefore, his request to waive the remainder of the filing fee is denied.").

Plaintiffs Lumpkin and Ager waived any objection to withdrawals from their inmate accounts by applying to proceed *in forma pauperis*, and they will

4

remain liable for the filing fee even if they voluntarily dismiss this action.[1]  Nor will any portion of the filing fee be refunded.  Plaintiffs Lumpkin and Ager's Motions to Vacate the Order Waiving Initial Partial Filing Fee and Directing the Correctional Facility to Transmit Partial Payments are therefore denied.

**IT IS, THEREFORE, ORDERED** that:

1. This action is **DISMISSED WITHOUT PREJUDICE** as to Plaintiffs Ricky K. Capps, Joey O'Buckley, Alvin Lee Sisk, Brian Guzman, Randy Louis Scott, Michael Kreidel, Jason McKinney, Timothy Thorne, Billy Vitatoe, Douglas Melton, Marvin Randall Hensley, Melvin Wilson, Jonathan Schabilion, James Clark, Malik Wiley, Roger Ward, Andy Gibson, Dennis Bradley, Cody Buchanan, Anthony Riddle, and Jamie Wyatt.

2. Plaintiff James Julius Lumpkin and Antonio M. Ager's Letters [Docs. 59, 60] are construed as a Notices of Voluntary Dismissal, to which they may file written objections within **fourteen (14) days** of this Order if they did not intend to voluntarily dismiss this case.  Should Plaintiffs Lumpkin and Ager fail to timely object to the Court's construction of their Letters as a Notices of Voluntary Dismissal, this

---

[1] The Plaintiffs were informed, in the Order of Instructions, that funds would be withdrawn from their inmate accounts to cover the filing fee, and that voluntary dismissal would not excuse them from paying the fee.  [See Doc. 3].

action will be dismissed without prejudice and closed without further notice as to them.

3. Plaintiff Lumpkin and Ager's Letters [Docs. 59, 60] are further construed as Motions to Vacate the Order Waiving Initial Partial Filing Fee and Directing the Correctional Facility to Transmit Partial Payments and are **DENIED**.

The Clerk is respectfully instructed to terminate Ricky K. Capps, Joey O'Buckley, Alvin Lee Sisk, Brian Guzman, Randy Louis Scott, Michael Kreidel, Jason McKinney, Timothy Thorne, Billy Vitatoe, Douglas Melton, Marvin Randall Hensley, Melvin Wilson, Jonathan Schabilion, James Clark, Malik Wiley, Roger Ward, Andy Gibson, Dennis Bradley, Cody Buchanan, Anthony Riddle, and Jamie Wyatt as Plaintiffs.

**IT IS SO ORDERED**.

Signed: November 22, 2021

Martin Reidinger
Chief United States District Judge

6

Case 1:21-cv-00246-MR   Document 61   Filed 11/22/21   Page 6 of 6