IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00246-MR

| | |
|---|---|
| MARTIN RAY ROBINSON, et al., ) ) Plaintiffs, ) ) vs. ) ) MCDOWELL COUNTY DETENTION ) CENTER, ) ) Defendant. ) ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. The Plaintiffs are proceeding *in forma pauperis* [Docs. 37, 46, 47, 52, 54, 55, 56].

## I. BACKGROUND

The *pro se* Plaintiffs[1] filed this action pursuant to 42 U.S.C. § 1983 while they were incarcerated at the McDowell County Detention Center ("MCDC").[2] The Plaintiffs name MCDC as the sole Defendant. They allege

---

[1] The current Plaintiffs are: Martin Ray Robinson, David Kenneth Fowler, Jonathan L. Carver, William Eric Avery, Ruben Guzman, John R. Gray, and Christopher A. McMahan. Twenty-three other Plaintiffs have voluntarily dismissed this action or have been dismissed for lack of prosecution. [See Docs. 61, 65].

[2] Plaintiffs Robinson, Carver, Gray, Avery, R. Guzman, and Gray are still incarcerated at MCDC. Plaintiff Fowler is now incarcerated at the Forrest City Federal Correctional Institution.

that the medical treatment at MCDC is inadequate; that the facility is overcrowded and unsanitary; that the shower facilities lack adequate privacy; that online visitation scheduling requires the use of a computer and debit card; that personal mail is restricted, is only accessible electronically, and cannot be saved; that legal mail is not delivered promptly; and that the administrative remedy procedure is inadequate. The Plaintiffs seek a declaratory judgment, preliminary and permanent injunctive relief, costs and fees, the appointment of counsel, a jury trial, and any further relief the Court deems just and proper.

## II. STANDARD OF REVIEW

Because the Plaintiffs are proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly

baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## IV. DISCUSSION

Before conducting an initial review of the Complaint, the Court will address a few procedural matters. On December 20, 2021, the Court ordered Plaintiff McMahan to update his address of record and inform the Court whether he intends to proceed with this action within 10 days, and cautioned him that the failure to comply would result in this case's dismissal as to him without further notice. [Doc. 65]. Plaintiff McMahan has failed to comply with the Court's directive. [See Doc. 66 (mail to Plaintiff McMahan returned as undeliverable on January 4, 2022)]. Accordingly, Plaintiff McMahan is dismissed from this case without prejudice.

On January 4, 2022, mail addressed to Plaintiff Avery was returned as undeliverable with a notation "Not Here." [Doc. 67]. Plaintiff Avery must update his address and inform the Court whether he intends to proceed with

this action. Should he fail to timely comply, this case will be dismissed without prejudice as to him without further notice.

In their Complaint, the Plaintiffs request the appointment of counsel to represent them in this matter. The Plaintiffs have failed to demonstrate the existence of exceptional circumstances that would warrant the appointment of counsel at this time. See Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Accordingly, the Plaintiffs' request for the appointment of counsel is denied.

The Court now turns to the initial review of the Complaint. The Plaintiffs assert claims pursuant to 42 U.S.C. § 1983. "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

The Plaintiffs name MCDC as the sole Defendant. However, a jail is not a "person" subject to suit under § 1983. See Brooks v. Pembroke Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989); Davis v. McFadden, No. 3:21-cv-00449-MR, 2021 WL 5407855, at *2 (W.D.N.C. Nov. 18, 2021). The Court, therefore, will dismiss MCDC as a Defendant. However, the Court will provide the Plaintiffs the opportunity to amend.

# ORDER

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff McMahan is **DISMISSED** from this case **WITHOUT PREJUDICE**.

2. Plaintiff William Eric Avery **shall have thirty (30) days from the date of this Order** in which to update his address of record and inform the Court whether he intends to proceed with this action. If he fails to do so, this case will be dismissed and closed without further notice as to him.

3. The Complaint is **DISMISSED WITHOUT PREJUDICE**.

4. The Plaintiffs who have not been dismissed from this action to date **shall have thirty (30) days from the date of this Order** in which to amend the Complaint in accordance with the terms of this Order. If the Plaintiffs fail to amend the Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to the non-complying Plaintiff(s).

The Clerk is respectfully instructed to mail each Plaintiff a blank § 1983 form, and to terminate MCDC as a Defendant.

**IT IS SO ORDERED**.

Signed: January 26, 2022

*Martin Reidinger*
Chief United States District Judge