IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00246-MR

| | |
|---|---|
| MARTIN RAY ROBINSON, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> MCDOWELL COUNTY DETENTION ) <br> CENTER, ) <br> ) <br> Defendant. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on pro se Plaintiff David K. Fowler's Motions seeking the appointment of counsel [Doc. 72], and an extension of time to amend the Complaint [Doc. 75].

The pro se Plaintiffs filed this action pursuant to 42 U.S.C. § 1983 while they were incarcerated at the McDowell County Detention Center (MCDC).[1] On January 26, 2022, the Court issued an Order dismissing the Complaint on initial review and granting the Plaintiffs thirty days in which to amend. [Doc. 69]. The Court also ordered Plaintiff Avery to update his address of

---

[1] The current Plaintiffs are: Martin Ray Robinson, David Kenneth Fowler, Jonathan L. Carver, William Eric Avery, Ruben Guzman, John R. Gray, and Christopher A. McMahan. Twenty-three other Plaintiffs have voluntarily dismissed this action or have been dismissed for lack of prosecution. [See Docs. 61, 65].

record and inform the Court whether he intends to proceed with this action. [Id.]. The Plaintiffs were cautioned that, if they failed to timely comply with the Order, the case would be dismissed and closed as to the relevant Plaintiffs without further notice. [Id.].

Plaintiff Martin Ray Robinson has filed an Amended Complaint [Doc. 71], which will be reviewed for frivolity in due course.

Plaintiff David K. Fowler has filed Motions for the appointment of counsel [Doc. 72], and for an extension of time to file an Amended Complaint [Doc. 74]. In his Motion seeking the appointment of counsel, Plaintiff Fowler characterizes this lawsuit as a class action, and he purports to seek the representation of counsel on behalf of himself and all of the other Plaintiff inmates. [Doc. 72 at 2-3]. He argues that, "[d]ue to the Plaintiff's imprisonment in various jails and/or institutions it is impossible for the pro se members to communicate and prepare this case without an attorney experienced in § 1983 suits." [Doc. 72 at 4]. He thus seeks the appointment of counsel and an order allowing prisoner-to-prisoner communications via U.S. mail for purposes of this lawsuit. He also requests a copy of the original Complaint.

Plaintiff Fowler, a pro se inmate, is not qualified to prosecute a class action or assert claims on behalf of others. See Myers v. Loudoun Cnty.

2

Pub. Schls., 418 F.3d 395, 400 (4th Cir. 2005) ("An individual unquestionably has the right to litigate his own claims in federal court…. The right to litigate for oneself, however, does not create a coordinate right to litigate for others"); Hummer v. Dalton, 657 F.2d 621, 625 (4th Cir. 1981) (prisoner's suit is "confined to redress for violations of his own personal rights and not one by him as knight-errant for all prisoners."); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) ("it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."). Accordingly, his request for the appointment of counsel and other relief on behalf of inmates other than himself is denied. Nor has Plaintiff Fowler set forth the existence of exceptional circumstances that would warrant the appointment of counsel. [See Doc. 69 at 4]. Although Plaintiff Fowler is not entitled to have the Court cover his litigation expenses such as photocopies, the Court will instruct the Clerk to mail him a copy of the Complaint as a courtesy.

Plaintiff Fowler also seeks an extension of time to file an Amended Complaint. [Doc. 75]. He again requests a photocopy of the original Complaint, and seeks additional time to file an Amended Complaint because his institution was on lockdown for two weeks, which has hindered his access to legal materials and the law library. Plaintiff Fowler's Motion will be granted

3

for good cause shown. No further extensions of the time to file an Amended Complaint will be granted except on a showing of extraordinary circumstances.

The remaining Plaintiffs have not responded to the Court's January 26, 2022 Order, and the time to do so has expired. It appears that they have abandoned this action. Accordingly, Plaintiffs Carver, Avery, R. Guzman, and Gray are dismissed from this action without prejudice for lack of prosecution. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (although Rule 41(b) does not expressly provide for sua sponte dismissal, Rule 41(b) does not imply any such restriction and a court has the inherent power to dismiss a case for lack of prosecution or violation of a court order).

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff Fowler's Motion seeking the appointment of counsel [Doc. 72] is **DENIED**.

2. Plaintiff Fowler's Motion seeking an extension of time to amend the Complaint [Doc. 75] is **GRANTED** until April 15, 2022. No

further extensions of the time to file an Amended Complaint will be granted except on a showing of extraordinary circumstances.

3. Plaintiffs Carver, Avery, R. Guzman, and Gray are **DISMISSED** from this case **WITHOUT PREJUDICE.**

The Clerk is respectfully instructed to: mail each Plaintiff a copy of this Order; additionally mail Plaintiff Fowler a copy of the Complaint [Doc. 1] and a blank § 1983 complaint form; and terminate Plaintiffs Carver, Avery, R. Guzman, and Gray as Plaintiffs.

**IT IS SO ORDERED**.

Signed: March 17, 2022

Martin Reidinger
Chief United States District Judge