# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:21-cv-00246-MR

| | |
|---|---|
| **MARTIN RAY ROBINSON, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| **MCDOWELL COUNTY DETENTION** ) | **ORDER** |
| **CENTER,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff Marin Ray Robinson's Amended Complaint [Doc. 71]; on a letter from prisoner Steven McGee, who is not a Plaintiff in this action, which the Court construes as a motion for joinder [Doc. 80]; and on periodic review of the record.

Thirty pro se Plaintiffs filed this action pursuant to 42 U.S.C. § 1983 while they were incarcerated at the McDowell County Detention Center (MCDC), complaining about the conditions of confinement there.[1] [Doc. 1]. The Complaint was dismissed on initial review because the Plaintiffs named

---

[1] The Complaint addresses inadequate medical treatment, inadequate personal hygiene items, unsanitary living conditions, lack of privacy, unduly restrictive visitation policy, unduly restrictive mail policy, overcrowding, and inadequate administrative remedy procedure. [Doc. 1].

as the sole Defendant MCDC, which is not subject to suit under § 1983. [Doc. 69]. The Plaintiffs were given thirty (30) days to file Amended Complaints. [Id.]. All of the Plaintiffs except for Martin Ray Robinson and David Kenneth Fowler were subsequently dismissed from this action. [See Docs. 61, 65, 69, 76].

Plaintiff Robinson timely filed an Amended Complaint, and that pleading is now before the Court for initial review. [Doc. 71].

On March 17, 2022, the Court granted Plaintiff Fowler an extension of time until April 15, 2022 to file an Amended Complaint. [Doc. 76]. Plaintiff Fowler was cautioned that no further extensions of time would be granted except on a showing of extraordinary circumstances. [Id. at 4]. To date, Plaintiff Fowler has not filed an Amended Complaint or sought an extension of time to do so.

## II. STANDARD OF REVIEW

Because Plaintiff Robinson is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see

2

28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Amended Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

#### A. Plaintiff Fowler

Plaintiff Fowler has failed to file an Amended Complaint within the time prescribed. It therefore appears that Plaintiff Fowler has abandoned this action. Accordingly, he is dismissed from this action without prejudice for lack of prosecution. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (although Rule 41(b) does not expressly

3

provide for sua sponte dismissal, Rule 41(b) does not imply any such restriction and a court has the inherent power to dismiss a case for lack of prosecution or violation of a court order).

**B.    Request for Joinder**

Also before the Court is a letter, which was filed May 5, 2022,[2] by Steven McGee, who is presently incarcerated at the Granville Correctional Institution. [Doc. 80]. Mr. McGee is not a Plaintiff in this action. In his letter, he states that he would like to "join in the lawsuit" because he was previously incarcerated at MCDC; while he was incarcerated there, he fell off of a bunk; "staff" witnessed the incident and failed to help him; and he received inadequate medical care for his injuries. [Id. at 1]. Mr. McGee's letter is liberally construed as a Motion for Joinder.

Rule 20 of the Federal Rules of Civil Procedure provides that a person may join an action as a plaintiff if he asserts any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action. Fed. R. Civ. P. 20(a)(1).

---

[2] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

Mr. McGee has not paid the filing fee or moved to proceed in forma pauperis, and he has not filed a proposed Complaint. A review of the allegations contained in his letter reveals that he seeks to assert claims for inadequate care for an injury from a fall that are completely distinct from the only remaining allegations in the case, *i.e.*, Plaintiff Robinson's claims about overcrowding, the lack of Hepatitis-C treatment, and inadequate visitation. See Mahler v. Cox, No. 1:17-cv-1468 (AJT/IDD), 2018 WL 10529520, at *1 (E.D. Va. Apr. 16, 2018) (dismissing claims concerning alleged attacks on the incarcerated plaintiff that occurred later in time, by different officers, and in some cases at different facilities than the original claims of an attack and deliberately indifferent medical care, because the new claims did not arise out of the same transaction or occurrence). Accordingly, Mr. McGee's request to join this lawsuit is denied.[3] He may, however, present his claims in a separate civil action, subject to all timeliness and procedural requirements.

### C. Initial Review of Plaintiff Robinson's Amended Complaint

In his Amended Complaint, Plaintiff Robinson again names MCDC as the sole Defendant. [Doc. 71 at 2]. He specifically claims that his rights were

---

[3] The Motion to Join is also moot insofar as Plaintiff Robinson's Amended Complaint fails to pass initial review and the case is being closed for the reasons discussed *infra.*

violated due to "lack of [privacy] in shower – overcrow[ded] lack of medical treatment Hep-C lack-visitation." [Id. at 3, 5]. As injury, he states "no medical treatment for Hep-C." [Id. at 5]. He seeks "Hep-C treatment – free visi[tation]." [Id.].

A § 1983 action cannot proceed against MCDC for the reasons discussed on initial review of the Complaint. [See Doc. 69 at 4]. The Amended Complaint is also so vague, conclusory, and devoid of factual allegations that it fails the most basic pleading requirements. See Fed. R. Civ. P. 8(a) (a short and plain statement of the claim is required); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a plaintiff must allege facts, directly or indirectly, that support each element of the claim). Further, it is evident that further amendment would be futile and, therefore, Plaintiff Robinson's Amended Complaint will be dismissed with prejudice.

## IV. CONCLUSION

In sum, Plaintiff Robinson has failed to state a claim upon which relief can be granted and the Amended Complaint has failed to pass initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). As further amendment would be futile, the Amended Complaint is dismissed with prejudice as to Plaintiff Robinson and this action will be closed. Plaintiff Fowler is dismissed from this action without prejudice for lack of prosecution, and Mr. McGee's Motion

for Joinder is denied. Mr. McGee may, however, file a separate civil action subject to all timeliness and procedural requirements.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff Robinson's Amended Complaint [Doc. 71] is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) and 28 U.S.C. § 1915A as frivolous, for failure to state a claim upon which relief can be granted, and for seeking relief against an immune party.

2. Plaintiff Fowler is **DISMISSED** from this case **WITHOUT PREJUDICE**.

3. Mr. McGee's request to enter this lawsuit [Doc. 80] is construed as a Motion for Joinder and is **DENIED**. He may, however, file a separate civil action if he wishes to do so, subject to all timeliness and procedural requirements.

The Clerk is respectfully instructed to mail Mr. McGee a blank § 1983 form and a blank IFP long form and to mail Mr. McGee, Plaintiff Robinson, and Plaintiff Fowler a copy of this Order. The Clerk is further instructed to close this case.

Signed: June 8, 2022

**IT IS SO ORDERED**.

Martin Reidinger
Chief United States District Judge